IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHATHAN S. CRUSE,

Petitioner,

vs.                                                            Case No. 15-cv-302-DRH

MICHAEL BOEY,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner is a pre-trial detainee incarcerated at the Jackson County Jail. He brings this *pro se* habeas corpus action pursuant to 28 U.S.C. § 2241, seeking an order to compel the respondent, Union County Illinois First Circuit Judge Michael Boey, to dismiss all criminal charges pending against petitioner and release him from jail.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241. After carefully reviewing the petition, the Court concludes that this action must be dismissed.

**The Petition**

Petitioner rests his argument for dismissal of the pending state court criminal proceedings on the provision that "a foreign state shall be immune from the Jurisdiction of the courts of the United States and of the states via 28 U.S.C. [§] 1604" (Doc. 1, p. 2). He references his attached Motion to Dismiss Charge, which he filed in the Union County Circuit Court, Case No. 2015-CF-1, on January 20, 2015 (Doc. 1-2). In that motion, petitioner declares:

> I am Mr. Jonathan S. Cruse Sr., a foreign state, Executive International Organization and Executor of JONATHAN S. CRUSE ESTATE agency and/or instrumentality, which is a seperate [sic] legal person and an organ of myself as defined in 28 U.S.C. 1603(b), foreign to the District Court of Union County[.]

(Doc. 1-2, p. 1). The motion further asserts that as a foreign state, he is immune from the jurisdiction of the state court, he is an "internationally protected person," his rights are guaranteed under the Constitution of the United States, and he "do[es] not consent to being surety for these proceedings via Illinois Compiled Statutes[.]" *Id*. He concludes the motion by ordering the state court to dismiss all charges.

The petition recites that Cruse attempted to dismiss his public defender when he filed the above motion. In a February 3, 2015, motion hearing, the respondent judge and two public defenders all tried to convince petitioner that he should accept a public defender. He refused, and the respondent judge set another hearing on the motion for March 3, 2015.

At that hearing, the respondent judge stated that the law invoked in the motion did not apply to petitioner because he was not "foreign" (Doc. 1, p. 2). Another hearing was set for March 31, 2015. Petitioner submitted this action on March 11, 2015.

## Discussion

Initially, the Court observes that petitioner has named the wrong respondent in this action. The correct respondent in a habeas corpus proceeding is the person who has immediate custody over the petitioner; that is, his jailer or warden. 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). While this flaw alone would be grounds for dismissal of the petition, there is a more significant reason why it must fail.

Under the abstention doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971), a federal court should not interfere with pending state judicial proceedings. *See Gakuba v. O'Brien*, 711 F.3d 751 (7th Cir. 2013); *Brunken v. Lance*, 807 F.2d 1325, 1330 (7th Cir. 1986). In fact, federal courts are required to abstain from enjoining such proceedings when they are "(1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 436-37 (1982) and *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998)). The extraordinary or special circumstances

which might overcome this abstention rule are limited to instances where irreparable damage would occur, such as claims of double jeopardy or speedy trial violations, or prosecutorial harassment and bad faith. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973); *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010) (federal habeas relief may be considered only where "immediate federal intervention is necessary to prevent the challenge [to the legality of the prisoner's custody] from becoming moot"); *Brunken v. Lance*, 807 F.2d 1325, 1330 (7th Cir. 1986); *Neville v. Cavanaugh*, 611 F.2d 673, 675 (7th Cir. 1979). Additionally, a habeas petitioner must first exhaust his claims in the state courts before he may seek relief in federal court. *Braden*, 410 U.S. at 490-92; *Neville*, 611 F.2d at 675.

No extraordinary or special circumstances are present in the instant case. Petitioner's declaration that he is a "foreign state" is in the same vein as the "sovereign citizen" immunity arguments which have been universally rejected as frivolous. In *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011), reviewing federal criminal convictions in which two of the co-defendants asserted their immunity from prosecution as sovereigns, the Seventh Circuit stated:

> We have repeatedly rejected their theories of individual sovereignty, immunity from prosecution, and their ilk. See *United States v. Burke*, 425 F.3d 400, 408 (7th Cir. 2005); *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) (rejecting the "shop worn" argument that a defendant is a sovereign and is beyond the jurisdiction bounds of the district court); *United States v. Sloan*, 939 F.2d 499, 500-01 (7th Cir. 1991); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (describing defendant's proposed "sovereign citizen" defense as having "no conceivable validity in American law"); *United States v. Phillips*, 326 F. App'x

Case 3:15-cv-00302-DRH   Document 6   Filed 04/13/15   Page 5 of 6   Page ID #17

> 400 (7th Cir. 2009) (dismissing jurisdiction arguments as frivolous because federal courts have subject matter and personal jurisdiction over defendants brought before them on federal indictments alleging violations of federal law).  Regardless of an individual's claimed status of descent, be it as a "sovereign citizen," a "secured-party creditor," or a "flesh-and-blood human being," that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented.

*Benabe*, 654 F.3d at 767.  Petitioner's "foreign state" argument is thus without merit, and provides no grounds for this Court to interfere with his ongoing state criminal proceedings.

The *Younger* doctrine deprives this Court of jurisdiction.  Accordingly, this § 2241 habeas petition shall be dismissed.  However, dismissal of this pretrial petition shall be without prejudice to any future habeas petition that Cruse may file.  *See Jacobs v. McCaughtry*, 251 F.3d 596, 597-98 (7th Cir. 2001) (pretrial habeas petition falls within the ambit of § 2241 and, consequently, should not be counted under 28 U.S.C. § 2244 when considering subsequent and possibly successive petition(s)).

**Disposition**

**IT IS HEREBY ORDERED** that, for the reasons set forth above, the petition is **DISMISSED without prejudice** to any other habeas corpus petition that Cruse may file.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment.  Fed. R. App. P. 4(a)(4).  A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).   If

petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prisoner trust fund account records for the past six months) irrespective of the outcome of the appeal. See FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.[1] It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Digitally signed by David R. Herndon
Date: 2015.04.12 06:54:39 -05'00'

**United States District Judge**

---

[1] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).